**IN UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| **VS.** | **CAUSE NO: 2:26-cr-20255-SHL** |
| **TAMARA SAWYER** | **DEFENDANT** |

**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR LACK OF**
**FEDERAL JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT**

**COMES NOW,** Defendant Tamara Sawyer, through undersigned counsel, and respectfully moves this Court pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) to dismiss the indictment for lack of federal subject matter jurisdiction. The government has charged Tamara Sawyer under 18 U.S.C. § 666, Theft Concerning Programs Receiving Federal Funds, but the Indictment fails to adequately allege the jurisdictional predicates required to bring this case in federal court, and the government cannot establish them.

The conduct alleged to involve Ms. Sawyer's personal use of county procurement cards is governed by Tennessee law and is subject to prosecution under T.C.A. § 39-14-103 (theft) and T.C.A. § 39-16-402 (official misconduct). Federal prosecution under § 666 requires the government to show that the Shelby County General Sessions Court Clerk's Office, specifically, as the relevant "organization" or "agency," received more than $10,000 in qualifying federal benefits within the 12-month window tied to the alleged offenses. The Indictment fails to make this showing with the requisite specificity.

For the reasons set forth herein, the Indictment should be dismissed, or in the alternative, the Court should order a Bill of Particulars compelling the government to identify the precise federal funding basis for each count.

### I.  RELEVANT FACTS

The Indictment alleges that Tamara Sawyer, elected as Shelby County General Sessions Court Clerk and sworn into office on August 29, 2024, embezzled, stole, and knowingly converted $44,607.35 into public funds between August 29, 2024, and June 22, 2025. The alleged scheme involved the use of procurement cards issued to other county employees, a county travel card, and travel advances, purportedly for personal expenditures, including food delivery services, alcohol, entertainment, hotel stays, and payments to personal PayPal and Cash App accounts.

The Indictment charges six counts: (1) Conspiracy to Commit Honest Services Wire Fraud; (2) Conspiracy to Commit Money Laundering; (3) Theft Concerning Programs Receiving Federal Funds under 18 U.S.C. § 666; (4) Honest Services Wire Fraud; (5) Money Laundering; and (6) Interstate Travel in Aid of Racketeering Enterprises.

Critically, the Indictment fails to identify with specificity: (a) which federal program or grant the Shelby County General Sessions Court Clerk's Office received during the relevant period; (b) the dollar amount of qualifying federal benefits received; (c) the dates on which such federal benefits were received; or (d) how the procurement cards used by Defendant were funded or connected to any federal assistance program.

### II.  ARGUMENT

**A. <u>The Indictment Fails to Allege the Federal Funding Threshold with Requisite Specificity.</u>**

To prove that Count Three of the Indictment is legally sufficient, the government must show that 1) the defendant is an agent of an organization or of a state, local government.2) that the

organization received benefits in excess of $10,000; and 3) those benefits were provided under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance within the 12-month window tied to the alleged offenses. 18 U.S.C. § 666. Section 666(b).

While an indictment need only allege the essential elements of the offense, when a statutory threshold, such as the $10,000 federal funding requirement of § 666(b), constitutes an element of the offense, the government must plead it with sufficient specificity to put the defendant on notice and to permit a meaningful defense. *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992). In *United States v. Superior Growers Supply, Inc.*, the court granted the defendants' motion to dismiss the indictment for failing to allege the underlying crime, or an illegal agreement to manufacture marijuana. *Id*.

Like *Superior Growers Supply, Inc.*, Sawyer's indictment, which recited the § 666 charge without identifying the specific federal program, the dollar amount of federal benefits received, or the dates of receipt, is insufficient under the statute. see *Superior Growers Supply, Inc.*, 982 F.2d at 176. Beyond the § 666 count, the indictment includes a charge of Theft of Federal Funds. This charge is distinct from § 666 and carries a higher evidentiary burden: the government must show the funds themselves, not merely that the employing entity received federal money, were federal in origin. *United States v. Wright*, 2013 U.S. Dist. LEXIS 61155. In *Wright*, it was identified that Wright misapplied federal funds from the FEMA grant program. *Id*.

Meanwhile, the Indictment alleges Sawyer used "procurement cards issued to other county employees" and "a county travel card." County procurement cards are standard instruments funded from county general operating funds, not earmarked federal accounts. The mere fact that

Shelby County, as a large county government, receives some federal grant funding does not transform every expenditure from its general operating account into a "federal fund."

**B.  Federalism Principles and the Rule of Lenity Require Strict Construction of § 666.**

The Supreme Court has repeatedly cautioned that federal criminal statutes intruding on state sovereignty over local affairs must be strictly construed. *Snyder v. United States*, 603 U.S. 1, 18 (2024). In *Snyder*, decided June 26, 2024, the Supreme Court held 6-3 that § 666 does not criminalize all financial misconduct by state and local officials; it is a targeted statute with defined limits, and courts must honor those limits. *Id*.

The State of Tennessee has ample authority and tools, including T.C.A. § 39-14-103, 39-16-402, and 39-16-403, to prosecute the conduct alleged here. Federal prosecution under § 666, without a demonstrated federal nexus, is neither required nor appropriate. *Id*.

Additionally, the rule of lenity requires that any ambiguity in § 666's jurisdictional scope be resolved in favor of the defendant. *United States v. Gradwell*, 243 U.S. 476 (1917).

### III.  CONCLUSION

For the foregoing reasons, Defendant Tamara Sawyer respectfully requests that this Court:

- Dismiss Count Three (Theft Concerning Programs Receiving Federal Funds, 18 U.S.C. § 666) for failure to adequately allege the jurisdictional prerequisite of qualifying federal funding received by the relevant agency within the statutory time window;

- Dismiss the Theft of Federal Funds charge for failure to allege that the specific funds converted were federal in origin;

- In the alternative, order the government to provide a Bill of Particulars identifying: (a) the specific federal program(s); (b) the dollar amount of benefits received; (c) the dates of receipt; and (d) the connection between the procurement cards used and any federal funding source; and

- Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ATTORNEY FOR DEFENDANT**

John Keith Perry, Jr., (TNB#24283)
**PERRY GRIFFIN, PC**
5699 Getwell Road. Bldg. G5
Southaven, MS 38672
P: 662-536-6868
F:662-536-6869
Email: JKP@PerryGriffin.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record via the Courts' ECF filing system as follows:

**J. William Crow**
DOJ-USAO
167 N. Main St., Suite 800
Memphis, TN 38103
Phone: 901-544-4231
Email: will.crow@usdoj.gov

This the 30th day of June, 2026

John Keith Perry, Jr.,